# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CR-12-00076-001-HE |
|  | ) | NO. CIV-14-0798-HE |
| BRIAN HEATH COLLINS, | ) | |
| Defendant. | ) | |

## ORDER

Defendant Brian Heath Collins and two codefendants were charged in a two count indictment with manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possessing methamphetamine with the intent to distribute, in violation of 21U.S.C. § 841(a)(1). Defendant filed a motion to suppress and, after it was denied, pleaded guilty to the manufacturing count. The court sentenced defendant to 168 months of imprisonment with four years of supervised release. Defendant appealed the suppression order and the Tenth Circuit affirmed the denial. United States v. Collins, 534 Fed. Appx. 743 (10th Cir. Aug. 14, 2013), *cert. denied*, 134 S. Ct. 833 (2013). After the Supreme Court denied *certiorari*, defendant filed a motion seeking habeas relief pursuant to 28 U.S.C. §2255.

Defendant asserts four grounds for relief in his motion. He alleges ineffective assistance of trial counsel in grounds one and two, that the court violated his due process rights in ground three, and ineffective assistance of appellate counsel and cumulative error in ground four. The court determined an evidentiary hearing was warranted on the issues raised in grounds one and two. Counsel was appointed to represent defendant and a hearing was held on February 12 and 13, 2015. Having considered the parties' submissions, the

evidence presented and arguments of counsel, the court concludes defendant's motion should be denied.

## Analysis

Defendant's first two grounds for relief are based on separate theories of ineffective assistance of trial counsel. To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must first "'show that counsel's representation fell below an objective standard of reasonableness.'" Heard v. Addison, 728 F.3d 1170, 1175 (10th Cir. 2013) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1985)). Second, the defendant must prove prejudice by showing "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 1176 (quoting Cullen v. Pinholster, ___ U.S. ___, ___ (2011)).

In ground one, defendant claims his guilty plea was involuntary because his decision to plead was based on his attorney's promise that he would not be sentenced as a career offender. Defendant asserts that his attorney specifically told him, "[i]f you change your plea to guilty they will not seek the career offender on you." Doc. #149, p. 4.

To establish the first prong of the Strickland test, defendant must show that his attorney materially misrepresented the consequences of the plea. United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005). Nothing less will suffice, as the Tenth Circuit has repeatedly held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir.1993); Silva, 430 F.3d at

1099. Defendant did not, though, establish that his attorney had made "blatant and significant misrepresentations about the amount of time [defendant] would spend in prison." Mendoza v. Hatch, 620 F.3d 1261, 1272 (10th Cir. 2010).[1]  What became evident at the hearing was that defendant misunderstood what his attorney, Donald Herring, told him. Counsel had discussed with defendant his potential eligibility for a statutory sentence enhancement under 21 U.S.C. § 841(b). Counsel explained that if defendant pleaded guilty, and did so before the government filed an information pursuant to 21 U.S.C. § 851 with the court, the government would not be able to seek the statutory enhancement. The Sentencing Memorandum defendant personally filed supports that conclusion, as in it defendant objected to the PSR on the ground that because "[t]he indictment was not filed under 21 U.S.C. § 851 information/indictment, the career offender base level should be determined using the un-enhanced statutory maximum." Doc. #104, p. 1.[2]

---

[1] *In Mendoza the Tenth Circuit concluded that Tovar Mendoza ("Tovar"), a state prisoner, was entitled to habeas relief because his no contest plea, made in reliance on his attorney's promise of a three year prison sentence, was "unknowing and violative of Tovar's due process rights." Mendoza, 620 F.3d at 1272. The court also concluded Tovar would be entitled to relief under his alternative theory that "Ayala [the attorney] was constitutionally ineffective in advising Tovar that he (Ayala) had secured the state district judge's agreement to sentence Tovar to a three-year prison sentence." Id. at 1272 n.5.*

[2] *Defendant was repeatedly informed of the potential maximum sentence he faced and the fact that the sentence to be imposed was exclusively within the control and discretion of the court. Petition to Enter Plea of Guilty; Plea Agreement; Transcript of Guilty Plea. Doc. Nos. 66, 67, 151. See United States v. Melcher, 378 Fed. Appx. 810, 812-13 (10th Cir. May 18, 2010) (even if attorney's performance was objectively unreasonable due to promise regarding length of imprisonment defendant would receive if he pleaded guilty, he could not show her actions caused him to plead guilty because the defendant had been advised, among other things, both of the maximum sentence he could receive and that the court had the final discretion to impose any sentence up to the statutory maximum).*

Defendant did not meet his burden of demonstrating that Mr. Herring promised him if he pleaded guilty he would not be sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines. What defendant did show, as will be further discussed in conjunction with ground two, is defense counsel's lack of communication with his client. That falls short, though, of the "promise" defendant needed to demonstrate to obtain relief on the basis of his claim in ground one.

Even if defendant had shown that Mr. Herring had misrepresented the effect of his guilty plea, defendant still had to satisfy the second, prejudice prong of the Strickland test to prevail on his ineffective assistance of counsel claim. "In the context of a plea agreement, prejudice means a 'reasonable probability' that the defendant 'would not have pleaded guilty and would have insisted on going to trial' but for counsel's errors." Heard, 728 F.3d at 1176 (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)); *accord* Silva, 430 F.3d at 1099. "The Supreme Court recently stated that proof of prejudice requires a petitioner to show that 'a decision to reject the plea bargain would have been rational under the circumstances.'" Heard, 728 F.3d at 1184 (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). And the Tenth "remain[s] suspicious of bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors." *Id.*

Defendant's proof of prejudice falls short. Essentially all he offered in this regard was the following:

> Without Herring's erroneous advice Movant would have proceeded to trial as the government's case was not strongest against Movant. (See description of events in Tenth Circuit Opinion). Movant had a chance at dismissal as

4

occurred in state court.

Doc. #149, p. 15.³

Defendant did not, though, elaborate and explain how or why he might have succeeded if he had proceeded to trial. He ignores the fact that the errors he alleges counsel made in this case were not "a failure to investigate or discover potentially exculpatory evidence" or "to advise [him] of a potential affirmative defense to the crime charged." Hill, 474 U.S. at 59; *see* Heard, 728 F.3d at 1183 ("Our assessment of this prong will of necessity 'depend in large part' on objective factors such as whether an unmade evidentiary or legal discovery 'likely would have changed the outcome of a trial,' or whether a defense about which the defendant was not advised 'likely would have succeeded at trial.'" (quoting Hill, 474 U.S. at 59). The claimed mistakes did not affect whether or not defendant would be found guilty, but only the sentence he would receive, unlike the situation in cases such as Heard. There the Tenth Circuit concluded there were "several ways Heard's lawyer credibly could have favorably 'changed the outcome' of Heard's case had she made reasonable use" of defenses implicit in two cases." Heard, 728 F.3d at 1184.

Defendant also ignores the benefits he received from the plea bargain. In exchange for his guilty plea, the government dismissed count two of the indictment.⁴ Defendant also

---

*³The court realizes defendant was handicapped to some extent because he did not want to divulge potential defenses in case the court allowed him to withdraw his guilty plea and proceed to trial. However, it is his burden to establish the required prejudice in order to prevail on his ineffective assistance of counsel claim.*

*⁴Count two charged defendant with possession with the intent to distribute methamphetamine.*

5

received a three-point reduction in his offense level for acceptance of responsibility and was allowed to appeal the court's ruling on his motion to suppress. If he had gone to trial and been found guilty he would have been sentenced on two counts, probably would not have received the same reduction in his offense level, plus he still would have been sentenced as a career offender.

Considering the benefits defendant received by pleading guilty and the lack of any indication that he likely would have succeeded at trial, the court has "trouble concluding that a decision to go to trial in [defendant's] case would have been rational." Heard, 728 F.3d at 1184. It therefore concludes defendant failed to demonstrate prejudice. As defendant has shown neither deficient performance nor a reasonable prospect that the end result would have been different, habeas relief is not warranted based on ground one.

In ground two, defendant claims his "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. He claims his attorney essentially abandoned him and failed to object to his classification as a career offender and to an error in the calculation of his criminal history in the Presentence Investigation Report ("PSR").

Other than when he saw defendant during court proceedings, Mr. Herring essentially met with defendant once before he was sentenced, when he brought the plea agreement to defendant and spent about thirty minutes going over the document with him.[5] Mr. Herring

---

[5]*Counsel did accompany the probation officer, who interviewed defendant for the purpose of preparing the PSR, but apparently did not engage with him in any meaningful attorney-client*

did not review the PSR with defendant until a few minutes before the sentencing hearing and did not provide defendant with the addendums to it. In fact, the defendant filed *pro se* his own Sentencing Memorandum, stating "I have been unable to get my court-appointed lawyer to talk with me about making objections to career offender status or to discuss what he was going to put in his sentencing memorandum, and he has not given me a copy of the revised PSI report." Doc. #104, p. 1. Counsel's failure to communicate with his client and review the PSR with him plainly fell below an objective standard of reasonableness. Defendant stated during the hearing that he felt he had been abandoned and there was ample reason for him reaching that conclusion. More is expected of counsel, especially considering the significance of the PSR both at sentencing and afterwards. Mr. Herring even requested, and was granted, an extension of time "to allow [him] adequate time to review the report [PSR] with Mr. Collins." Doc. #82.[6] He did not use the time for that purpose.

Counsel's neglect did not, though, prejudice plaintiff in the Strickland sense. Defendant had claimed in his habeas petition that he had been improperly classified as a career offender, but conceded during the hearing that the designation was accurate.

---

*discussions during that meeting. He also dropped off the PSR one day, but did not discuss it with defendant at that time, stating he would return the following week. He did not show up again.*

*[6]Mr. Herring testified at the hearing that he was certain he submitted a Criminal Justice Act payment application in this case. The application and supporting documentation would reflect the amount of time counsel spent with defendant. However, an application could not be located and there was no record of an application being filed. When asked, Mr. Herring indicated " it was possible that no payment application was filed as there was a time period where there had been some applications that may have been overlooked by his office." Doc. #174, p. 2. That is yet another indication of counsel's inattention to this case.*

7

Defendant also had asserted that his attorney failed to seek a downward departure or variance. However, counsel requested a variance, both in the Sentencing Memorandum he filed, Doc. #107, and in the argument he made to the court at sentencing. See Doc. #151-1, pp. 8-9.

Defendant's remaining contention, on which he focused at the hearing, essentially was that his trial counsel failed to argue that he should not be sentenced as a career offender and, because of an error in his criminal history category, failed to request a lower sentence. Defendant asserts counsel failed to realize that his criminal history category was wrong because two prior convictions were double counted, and then told the court that the issue, which defendant had raised in his sentencing memorandum, was moot. He claims the error was prejudicial because his unenhanced criminal history category was a level IV, rather than V, and the court commented during sentencing that it imposed a sentence at the bottom of the guideline range that would have applied had defendant not been designated a career offender. Defendant argues that the difference would have allowed counsel to push for a lower sentence, particularly if he had cited and discussed the arguments in United States v. Fernandez, 436 F.Supp.2d 983 (E.D. Wisc. 2006), in which the court explains why in certain situations "the career offender guideline can produce a penalty greater than necessary to satisfy the purposes of sentencing." Id. at 988.

Defendant has not shown there is a reasonable probability that, but for counsel's failure to insure that his unenhanced criminal history was correctly calculated, the court would have reduced his sentence even further. "A reasonable probability is a probability

8

sufficient to undermine confidence in the outcome." Heard, 728 F.3d at 1176 (quoting Cullen, ___ U.S. at ___). Here, defendant's actual criminal history was correctly calculated,[7] and, as defendant acknowledged at the evidentiary hearing, his attorney had asked for a below guidelines sentence in his sentencing memorandum.[8] Counsel also made a Fernandez-type argument both in the sentencing memorandum he filed and at sentencing. Doc. #107, p. 2. (Defendant has "never been convicted of selling or distributing drugs and his involvement in manufacturing methamphetamine has been for the sole purpose of feeding his own drug addiction and not for money or profit."); Doc. # 151-1, p. 8.

While defendant was given a below guidelines sentence, the court remarked at the hearing on the need for a substantial sentence, noting, among other things, the seriousness of the crime (the manufacturing of methamphetamine), defendant's lengthy criminal history, and his drug addiction which, it determined, increased the risk of further offenses. See Doc. #151-1, pp. 10-14. In these circumstances, and considering that the sentencing guidelines are advisory, not mandatory, the court concludes defendant has not met his burden of showing that "'[t]he likelihood of a different result [is] substantial, not just conceivable.'" United States v. Rushin, 642 F.3d 1299, 1310 (10th Cir. 2011) (quoting Harrington v. Richter, ___ U.S. ___, ___ (2011)). He is not entitled to habeas relief on the basis of ground two.

---

[7]*Because the defendant qualified as a career offender pursuant to U.S.S.G. § 4B1.1(b), his criminal history category was a VI.*

[8]*In the sentencing memorandum filed by Mr. Herring, the court is asked to consider "a range of punishment more within the range of 84 to 105 months rather than the range suggested by the Sentencing Guidelines." Doc. #107, p. 3.*

9

In ground three defendant claims the court denied him due process by failing to "make proper inquiry into counsel's promise that career enhancement would not be used, and what the appeal waiver's consequences were." Doc. #149, p. 28. Both arguments fail. At the plea hearing, defendant was specifically asked if any promises as to sentencing had been made to him and he said "no." The court had no reason to question that response or to otherwise pursue the matter with defendant. Doc. #151, p. 20. Further, the court did, at the plea hearing, specifically discuss the appeal waiver with the defendant. *See* Doc. # 151, pp. 19-20.

Defendant also claims the court was aware that he had not received and reviewed all the PSRs as required by Fed.R.Crim.P.32(i)(1)(A), yet did not address the issue until the day of sentencing. He asserts that the court's remedy of allowing defendant to confer with counsel a few moments before the hearing started was inadequate. However, the court specifically questioned the defendant at the beginning of the sentencing hearing about the matter. He asked defendant if he had received a copy of the presentence report. When defendant responded that he had, the court stated: "I want to be clear about that. I notice that at some point you had filed personally a document that said something to the effect that you hadn't seen your lawyer and you hadn't seen the report and all of that. Has that all been resolved to your satisfaction?" Doc. #151-1, p. 3. The defendant responded: "Yes, sir. Yes, sir." The court then inquired further: "So you've had a chance to visit with your lawyer and to review the report?" and the defendant replied: "Yes, sir." *Id.* Having informed the court under oath that the matter had been resolved, defendant cannot now claim otherwise as a

10

basis for obtaining habeas relief.

Defendant also asserts the court failed to make sure his prior felonies qualified him as a career offender and, by double counting two of defendant's prior convictions, failed to properly calculate defendant's criminal history category. As has been discussed previously, both defendant's designation as a career criminal and his criminal history category of VI were accurate. Therefore, defendant is not entitled to habeas relief on the basis of ground three.

In his remaining ground for relief, defendant asserts claims of ineffective assistance of appellate counsel and cumulative error. He contends his attorney never communicated with him after sentencing, did not consult with him about filing an appeal or seeking *certiorari* and did not notify him when *certiorari* was denied. Defendant argues that even if the alleged constitutional errors were harmless, their cumulative effect was prejudicial, warranting habeas relief.

Defendant does not, though, develop his arguments and demonstrate how his constitutional rights were violated in conjunction with counsel's handling of his appeal.[9] As defendant has not established at least two errors, the court must "'refrain from engaging in a cumulative error analysis.'" United States v. Hinson, 475 Fed. Appx. 298, 305 (10th Cir. April 11, 2012) (quoting United States v. Franklin–El, 555 F.3d 1115, 1128 (10th Cir.2009)). Defendant is not entitled to habeas relief on the basis of ground four.

---

[9]*Having rejected defendant's claims of ineffective assistance of trial counsel, defendant cannot rely on the same grounds to claim his appellate counsel was ineffective.*

11

Mr. Herring's representation of defendant reflected an unacceptable lack of attention to defendant and to the case. Defendant deserved, and was entitled to, better representation than what he received. Nonetheless, habeas relief is not warranted under the legal standards that apply. Accordingly, defendant's § 2255 motion for habeas relief [Doc. #148] is **DENIED**. However, in light of the court's conclusions as to counsel's conduct during the sentencing phase of his representation, it further concludes defendant has made a "substantial showing of the denial of a constitutional right" as to his second ground for relief, as reasonable jurists might reach different conclusions as to it. 28 U.S.C. § 2253(c)(2). The court therefore **GRANTS** a certificate of appealability as to ground two only.[10]

**IT IS SO ORDERED**.

Dated this 9th day of March, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[10]*Plaintiff's claims were ably argued by counsel appointed to represent defendant at the hearing but, under the applicable law, do not warrant habeas relief.*